NOT FOR PUBLICATION                                    (Docket Nos. 8, 9, 10, 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
JAMES GEORGE JATRAS and             :
KATHY PAPPAS JATRAS,                :
                                    :
            Plaintiffs,             :     Civil No.  09-3107 (RBK/KMW)
                                    :
       v.                           :     **OPINION**
                                    :
BANK OF AMERICA CORPORATION,        :
et al.,                             :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

      Presently before the Court are motions by Plaintiffs James Jatras and Kathy Jatras seeking entry of default judgment against Defendants Countrywide Bank, FSB (Docket No. 8), Countrywide Financial Corporation (Docket No. 9), Bank of America Home Loans (Docket No. 10), and Colleen Reed (Docket No. 13).  For the reasons set forth below, Plaintiffs' motions are denied.

**I. BACKGROUND**

      Pro se Plaintiffs James Jatras and Kathy Jatras filed a five count Complaint on June 24, 2009 against Defendants Bank of America Corporation, Bank of America Home Loans, Colleen Reed, Countrywide Financial Corporation, Countrywide Bank, FSB, Loraine Raymer, and "other undiscovered parties."  The Court upon its own order dismissed the Complaint without prejudice

on July 1, 2009 for failure to properly plead subject matter jurisdiction. Plaintiffs filed an Amended Complaint on July 15, 2009.

On August 5, 2009, Plaintiffs filed three separate motions for default judgment against Countrywide Bank, FSB, Countrywide Financial Corp., and Bank of America Home Loans. All Defendants moved for an extension to file a response to the Amended Complaint on August 6, 2009, and this Court granted the motion and ordered the Defendants to respond to the Amended Complaint by September 4, 2009. In the interim, Plaintiffs also filed a motion for default judgment against Colleen Reed on August 7, 2009.

Defendants filed an omnibus opposition brief on August 24, 2009 to all four motions for default judgment and Plaintiffs replied on August 31, 2009. Defendants also filed a motion to dismiss the Amended Complaint on September 3, 2009.

## II. DEFAULT JUDGMENT

### A. Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the entry of a default judgment is largely a matter of judicial discretion, the Third Circuit Court of Appeals has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984) (citations omitted).

In considering a motion for default judgment the Court must consider the following three

factors: "whether (1) plaintiff will be prejudiced if default is not granted, (2) defendant has a meritorious defense, and (3) defendant's delay was the result of culpable misconduct." Carpenters Health & Welfare Fund v. Naglak Design, No. 94-2829, 1995 WL 20848, at *2 (E.D. Pa. Jan. 18, 1995) (citing Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987); Hritz, 732 F.2d at 1181)).

**B. Discussion**

The Defendants assert initially that the pending motions for default judgment are moot given the Court's August 10, 2009 Order granting an extension to file a response to the Amended Complaint until September 4, 2009. Plaintiffs respond that the Court erred in granting the extension before Plaintiffs had an opportunity to respond and that granting default judgment is appropriate. Pl. br. at 6-7. The Court disagrees with the Plaintiffs.

Rule 55 only permits entry of default where the non-moving party "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). The Defendants here have not failed to plead or defend. To the contrary, the Defendants have retained counsel who have appeared and who requested leave of the Court to file a response to the Amended Complaint, and who indeed did so on September 3rd. This is sufficient evidence of a defense against the Plaintiffs' claims. No argument advanced by the Plaintiffs warrants revisiting the Order granting an extension to file a response. Thus, entry of default is inappropriate.

Moreover, entry of default is otherwise inappropriate at this time because the Plaintiffs cannot satisfy the three factor test for entry of default. See Carpenters Health, 1995 WL 20848, at *2. First, Plaintiffs' chief assertion of prejudice appears to be that the Defendants are better funded and somehow have a tactical or procedural advantage. Pl. br. at 8. The Court is not

3

persuaded that a dearth or excess of funds in a litigant's coffer suffices to show prejudice. Second, Plaintiffs challenge that the Defendants have only offered a "bald, *pro forma* averment" of a plausible defense. Pl. br. at 9. Plaintiffs' argument was raised before the Defendants filed their motion to dismiss on September 3rd. But even before their responsive motion, Defendants' general averment of a defense was sufficient to avoid default. Third, Plaintiffs chiefly assert that Defendants have acted wilfully in not responding and that the Defendants erroneously defend by relying on improper service and the Plaintiffs' failure to respond to Defendants' email. Pl. br. at 9-11. The Court cannot reasonably find culpable conduct by the Defendants causing delay where the Defendants sought an extension to respond, the Court granted the extension, and the Defendants have complied with the extension deadline by filing a responsive motion. Therefore, Plaintiffs' motions for default judgment are inappropriate.

## IV.  CONCLUSION

For the foregoing reasons, the motions for default judgment by Plaintiffs James Jatras and Kathy Jatras are DENIED.


Dated:   9-8-2009                                   /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge