NOT FOR PUBLICATION                                                                    (Docket No. 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                                  :
JAMES GEORGE JATRAS and KATHY     :
PAPPAS JATRAS,                                          :
                                                                  :
            Plaintiffs,                                       :           Civil No. 09-3107 (RBK/KMW)
                                                                  :
      v.                                                       :           **ORDER**
                                                                  :
BANK OF AMERICA CORPORATION,   :
BANK OF AMERICA HOME LOANS,      :
COLLEEN REED, COUNTRYWIDE         :
FINANCIAL CORPORATION,                   :
COUNTRYWIDE BANK, FSB,                    :
COLLEEN REED, LORAINE RAYMER,   :
and OTHER UNDISCOVERED PARTIES, :
                                                                  :
            Defendants.                                   :
_____ :

THIS MATTER having come before the Court upon the Motion to Dismiss by Defendants Bank of America Corporation, Bank of America Home Loans, Countrywide Financial Corporation, Countrywide Bank, FSB, Colleen Reed, and Loraine Raymer (Docket No. 23); and the Court having considered the moving papers and the response thereto; and for the reasons expressed in the Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion is **GRANTED WITHOUT PREJUDICE**; and it is further

ORDERED that Plaintiffs are **GRANTED LEAVE TO AMEND** the Amended Complaint **WITHIN THIRTY(30) DAYS** of this Order; and it is further

1

ORDERED that if Plaintiffs choose to re-allege a Civil RICO claim, pursuant to Local Civil Rule 16.1(b)(4), Plaintiffs shall file, **WITHIN THIRTY (30) DAYS HEREOF**, a RICO Case Statement. This Statement is the equivalent to a supplemental pleading which shall include the facts Plainitffs are relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this Statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

  1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

  2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

  3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

  4. List the alleged victims and state how each victim was allegedly injured.

  5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which are allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud,

2

or fraud in the sale of securities, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

  d.  State whether there has been a criminal conviction for violation of the predicate acts;

  e.  State whether civil litigation has resulted in a judgment in regard to the predicate acts;

  f.  Describe how the predicate acts form a "pattern of racketeering activity"; and

  g.  State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail.

6. State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail.

  a.  State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

  b.  Describe the structure, purpose, function and course of conduct of the enterprise;

  c.  State whether any defendants are employees, officers or directors of the alleged enterprises;

  d.  State whether any defendants are associated with the alleged enterprise;

  e.  State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members

of the enterprise; and

      f.  If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.      State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.      Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.      Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.      Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.      If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.  State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.  Describe the use or investment of such income.

12.      If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.      If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.  State who is employed by or associated with the enterprise.

      b.  State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

      c.  Describe specifically how the defendant(s) participated in the operation or management of the enterprise.

14.    If the complaint alleges a violation of 18 U.S.C. § 1962(d) describe in detail the alleged conspiracy.

15.    Describe the alleged injury to business or property.

16.    Describe the direct casual relationship between the alleged injury and the violation of the RICO statute.

17.    List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

18.    List all other federal causes of action, if any, and provide the relevant statute numbers.

19.    List all pendent state claims, if any.

20.    Provide any additional information that you feel would be helpful to the court in processing your RICO claim.

Date: __4-22-10__                                /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge