IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMES GEORGE JATRAS and KATHY PAPPAS JATRAS, | : : CIVIL ACTION NO. 09-3107 (RBK/KMW) |
| Plaintiffs, | : : |
| v. | : : |
| BANK OF AMERICA CORPORATION, et al., | : : : |
| Defendants. | : |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, CWALT, INC., ALTERNATIVE LOAN TRUST 2007-1T1, | : : : CIVIL ACTION NO. 09-4703 (RBK/KMW) : : : |
| Plaintiff, | : : |
| v. | : : |
| JAMES GEORGE JATRAS and KATHY PAPPAS JATRAS, | : : |
| Defendants. | : |

**FINAL JUDGMENT**

THIS MATTER having come before the Court on motion by plaintiff Bank of New York Mellon ("BONYM"), with consent by defendants James Jatras and Kathy Pappas Jatras; and BONYM and the Jatras Defendants having represented to the Court that a settlement has been reached resolving all remaining claims between those parties; and those parties having represented to the Court that the settlement requires the entry by consent of an in rem judgment of foreclosure regarding the property that is the subject of this dispute; and the Court having

considered the representations of counsel as well as BONYM's Notice of Motion for Final Judgment by Default as to Defendant Navy Federal Credit Union and the related Declaration of Counsel; and for good cause shown;

IT IS THIS 5th day of September, 2014 hereby

ORDERED that an in rem judgment of foreclosure is entered in favor of Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-1T1, in the amount of $1,480,400.61, which amount includes $1,357,980.76 in outstanding principal and interest, $41,434.62 in property taxes, insurance and other advances related to the property, and $80,985.23 in counsel fees and expenses related to the prosecution of this matter; and

IT IS FURTHER ORDERED that the promissory note and the mortgage between Plaintiff and Defendants are foreclosed as to the real property located at 1320 Cape May Avenue, Cape May, New Jersey 08204 (the "Property"); and

IT IS FURTHER ORDERED that the Property shall be sold as follows:

1. The United States Marshal for the District of New Jersey is directed to sell the Property specified in the mortgage between Plaintiff and Defendants for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2002, with notice of such sale to be published once per week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the country and judicial district where the real estate is situated. Plaintiff may advertise a short description of the Property rather than a complete legal description; and

2. Ten percent of the highest bid must be deposited by certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within 10 days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of the confirmation. If the highest bidder fails to settle, all of his rights in the real estate shall cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder, whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder; and

3. Plaintiff or its nominee is granted right of entry at reasonable times to the )roperty for purposes of pre-sale inspection and Marshal's sale with the right

    to inspect the house and other improvements necessary for the inspection, advertisement and sale of the Property; and

4. Motion for confirmation of the public sale shall be made by Plaintiff to the court within 30 days after the date of sale; and

5. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further Order of this court; and

  IT IS FURTHER ORDERED that Plaintiff shall be paid the amount adjudged due from the distribution proceeds of the sale to the extent such proceeds are sufficient to pay such amount; and

  IT IS FURTHER ORDERED that nothing in this Order is intended or shall be construed to constitute a reaffirmation by Defendants of the debt to Plaintiff, create any personal liability or obligation on Defendants, or otherwise affect Defendant's bankruptcy discharge of Defendants' debt and other obligation(s) to Plaintiff (including, without limitation, any debt or other obligation to Plaintiff or its predecessor(s) and/or successor(s) in interest related to the Property, the promissory note(s) and related mortgages on the Property), which discharge was granted by the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division), Case No. 11-10955-RGM, on April 20, 2011; and

  IT IS FURTHER ORDERED that the Defendants James George Jatras, Kathy Pappas Jatras and Navy Federal Credit Union stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgage premises described in the Complaint when sold as aforesaid by virtue of this Judgment.

IT IS FURTHER ORDERED that a true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk; and

IT IS FURTHER ORDERED that jurisdiction is retained over this matter for the granting of such Orders and decrees as the circumstances may require.

BY THE COURT:

ROBERT KUGLER, U.S.D.J.